## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH
#### NO. 02-12-00639-CR


ANDRE LAMONT BROWN II A.K.A.                                    APPELLANT
ANDRE BROWN

V.

THE STATE OF TEXAS                                                   STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Pursuant to a plea bargain agreement, Appellant Andre Lamont Brown II, also known as Andre Brown, pled guilty to the offense of burglary of a building, and the trial court placed him on three years' deferred adjudication community supervision.  Appellant did not waive his right to appeal "those matters that were

---

[1]*See* Tex. R. App. P. 47.4.

raised by written motion filed and ruled on before trial."[2]  In a single point, Appellant appeals the trial court's denial of his pretrial motion to quash the reindictment of his case.  Because the trial court committed no reversible error, we affirm the trial court's judgment.

On September 28, 2011, Appellant filed an affidavit of adverse possession in the Tarrant County property records regarding a home owned by Brenda Thornton.  The State charged Appellant with burglary and theft.  In the first paragraph of the burglary count, Appellant was charged with intentionally and knowingly entering the habitation of Brenda Thornton without her consent with intent to commit theft.  The second paragraph of the burglary count charged that Appellant entered the habitation of Brenda Thornton and attempted to commit or committed theft.  The theft count charged Appellant with "unlawfully appropriat[ing], by bringing about a transfer or purported transfer of title to or other non-possessory interest in property, whether to the actor or another, to-wit: real property, of the value of $100,000 or more, but less than $200,000, with intent to deprive the owner Brenda Thornton, of the property."[3]

Appellant filed a motion to quash, asserting, in part, that the indictment did not allege the address of the property that he was alleged to have entered.  The

---

[2]*See* Tex. R. App. P. 25.2(a)(2)(A).

[3]For readability, the use of all capital letters in the quoted text of the indictment has been abandoned.

2

trial court quashed the theft count but not the burglary count. The State moved to dismiss the indictment, and the trial court dismissed it. A grand jury then returned a reindictment against Appellant, alleging burglary again and in the second count of the reindictment that Appellant

> unlawfully appropriate[d], by bringing about a transfer or purported transfer of title to or other nonpossessory interest in property, whether to the actor or another, to-wit: real property, situated at [specific location of the property listed in the reindictment], Mansfield, Tarrant County, Texas, of the value of $100,000 or more, but less than $200,000, with intent to deprive the owner Brenda Thornton, of the property.

The trial court denied Appellant's motion to quash the reindictment.

At trial, Appellant and the State stipulated that he "took possession of real property, that being the same real property as identified in the . . . indictment[,] and that [he] believed the real property to be abandoned." The trial court admitted Defendant's Exhibit 1, which contained both an affidavit of adverse possession and a release thereof, over no objection by the State. The following discussion occurred:

> THE COURT: And Defendant's Exhibit 1 . . . is the[i]r notice of affidavit of adverse possession . . . ?
>
> [Defense Counsel]: That's correct, Your Honor.
>
> THE COURT: And that's regarding the property that's the subject of [this] burglary case[]?
>
> [Prosecutor]: Yes, Your Honor.
>
> THE COURT: The adverse possession is for the same property that's the subject of the burglary case[]?

3

[Prosecutor]: Correct.

[Defense Counsel]: That's correct, Your Honor.

In the plea bargain, Appellant pled guilty to burglary of a building, a lesser-included offense of burglary of a habitation as alleged in the first count of the reindictment.

Appellant first argues that, in order to vest jurisdiction in the trial court, the reindictment was required to negate his adverse possession defense. Specifically, he argues that the trial court "could not adjudicate a dispute concerning whether or not adverse possession had been established because such would involve a civil suit between the Appellant and the record title owner of the property." The reindictment alleged that Appellant entered the real property of Brenda Thornton with intent to commit theft and alternatively that he entered the property and did commit or attempted to commit theft. The reindictment therefore properly alleged the elements of burglary of a habitation[4] and thereby vested jurisdiction in the trial court.[5]

Appellant also argues that the reindictment fails to provide adequate notice of the illegal acts that he was alleged to have committed in order to allow him to

---

[4] *See* Tex. Penal Code Ann. § 30.02(a)(1), (3) (West 2011).

[5] *See id.*; *see also* Tex. Const. art. V, § 12(b); *Teal v. State*, 230 S.W.3d 172, 177, 180–81 (Tex. Crim. App. 2007); *Duron v. State*, 956 S.W.2d 547, 551 (Tex. Crim. App. 1997).

prepare his defense.[6]    Notice must come from the face of an indictment.[7] Appellant contends that the State was required to give notice in the reindictment of how his legal adverse possession became burglary.   Yet Appellant does not contend that adverse possession is an exception to the offense of burglary,[8] nor does he cite any legal authority for that proposition.[9]

It is undisputed that Appellant had not successfully adversely possessed the property at the time of the indictment.   As his own exhibit makes clear, he had possessed the property for less than a year, not the requisite ten years.[10]   As Gil Lahav has opined in a different context,

> The legal doctrine of adverse possession seems to suggest that the law is not opposed—at least in principle—to condoning efficient theft.   The justification for the doctrine of adverse possession is that it encourages the efficient use of scarce resources by awarding property rights to those who value the property more (as evidenced by their possession and use of it) over those who value it less (as evidenced by their disuse or inadequate protection of the property). However, the doctrine's goal of promoting efficiency is balanced by the doctrine's other goals—protecting the true owner's interests, safeguarding the adverse possessor's reliance interests, and

---

[6]*See Swabado v. State*, 597 S.W.2d 361, 364 (Tex. Crim. App. 1980).

[7]*DeVaughn v. State*, 749 S.W.2d 62, 67 (Tex. Crim. App. 1988); *Miller v. State*, 333 S.W.3d 352, 356 (Tex. App.—Fort Worth 2010, pet. ref'd).

[8]*See* Tex. Penal Code Ann. § 2.02 (West 2011) (providing that exception must be negated in charging instrument).

[9]*See* Tex. R. App. P. 38.1(i); *Lucio v. State*, 351 S.W.3d 878, 896 (Tex. Crim. App. 2011), *cert. denied*, 132 S. Ct. 2712 (2012).

[10]*See* Tex. Civ. Prac. & Rem. Code Ann. § 16.026 (West 2002).

preventing stale claims—and *hence is unavailable to takers of property for many years. Thus, those seeking to justify efficient theft by analogy to the property rule of adverse possession must account for those goals of the doctrine that make it unavailable to efficient thieves of land for many years.*[11]

Consequently, even if adverse possession were an exception to burglary, which we do not hold, it would not be available to Appellant.

The reindictment states that Appellant entered "the habitation" of Brenda Thornton with intent to commit theft. It further provides the legal description of the real property that he was accused of stealing. We therefore hold that the reindictment provided Appellant the requisite notice of the allegations against which he would have had to defend absent the plea bargain. We overrule his sole point.

Having overruled Appellant's sole point, we affirm the trial court's judgment.

---

[11]Lahav, Gil, *A Principle of Justified Promise-Breaking and Its Application to Contract Law*, 57 N.Y.U. Ann. Surv. Am. L. 163, 206 n.48 (2000) (emphasis added).

                      LEE ANN DAUPHINOT
                      JUSTICE

PANEL:  DAUPHINOT, MCCOY, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 19, 2013