# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-13-00511-CR
_____

### PATRICK DEWAYNE SMITH, Appellant

### V.

### THE STATE OF TEXAS, Appellee

_____

**On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 13-05-04885 CR**

_____

### MEMORANDUM OPINION

A jury found Patrick Dewayne Smith guilty of violating a civil commitment order as a sexually violent predator and sentenced Smith, as a habitual offender, to sixty-eight years in prison. In two appellate issues, Smith contends that (1) he cannot be convicted of violating an SVP civil commitment order that is not final; and (2) the jury charge should have defined a violation of a civil commitment order as a result-oriented offense. We affirm the trial court's judgment.

Civil Commitment Order

In issue one, Smith argues that, at the time of trial, he had appealed the civil commitment order, and the order therefore was not final and prosecution and conviction for violating the order violated due process. Smith raised this issue in a motion to quash the indictment, but the trial court denied the motion.

"A person commits an offense if, after having been adjudicated and civilly committed as a sexually violent predator . . . the person violates a civil commitment requirement[.]" Tex. Health & Safety Code Ann. § 841.085(a) (West 2010). This Court has stated that a civil commitment order is effective even while the case is on appeal. *In re Commitment of Lowe*, 151 S.W.3d 739, 743 (Tex. App.—Beaumont 2004, pet. denied). Moreover, when a motion to quash an indictment is filed, the indictment is "analyzed to determine whether [the indictment] states on its face the facts necessary to allege that an offense was committed, to bar a subsequent prosecution for the same offense, and to give the accused notice of the precise offense with which he is charged." *Rotenberry v. State*, 245 S.W.3d 583, 586 (Tex. App.—Fort Worth 2007, pet. ref'd). The indictment in this case, on its face, identifies Smith as the defendant and alleges how and when he intentionally or knowingly violated the requirements of the civil commitment order. Smith's argument that he was not required to comply with an

order that had been appealed is a defensive theory that is not relevant to whether the indictment should have been quashed. *See Miller v. State*, 333 S.W.3d 352, 358 (Tex. App.—Fort Worth 2010, pet. ref'd) (Appellant's defense that he was confined when he violated the civil commitment order was irrelevant to whether the trial court should have granted a motion to quash.). Under these circumstances, we conclude that the trial court properly denied Smith's motion to quash. We overrule issue one.

Nature of Offense

In issue two, Smith contends that the trial court's jury charge should have defined a violation of a civil commitment order as a result-oriented offense. The jury charge included the following definitions:

> A person acts intentionally, or with intent, with respect to the nature of his conduct or the result of his conduct when it is his conscious objective or desire to engage in the conduct or to cause the result.
>
> A person acts knowingly, or with knowledge with respect to the nature of his conduct, or to circumstances surrounding his conduct, when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

Defense counsel objected as follows:

> [T]he State has presented in this particular paragraph the statutory definitions as set out in our Code of Criminal Procedure with regard to a definition or penal code really [sic] with regard to a definition of

3

culpable mental states for the jury to consider in this case. They are including the language from those two definitions that describe it as a conduct offense. It is not a conduct offense. It is a result-oriented offense; and, therefore, they are required, as I believe, to alter these definitions and remove the references to conduct.

. . .

The problem we have in this case and any other case like this is the actual statute that was passed by the Legislature does not contain a culpable mental state. It does not say intentionally or knowingly violate the commitment order. . . . It just says you violate the commitment order, that's it, that's what the statute says, but then the Code of Criminal Procedure, I think it's under 603, says if a statute does not mention a culpable mental state then you've got to have one; and it's knowing and intentional.

The trial court overruled the objection and refused defense counsel's proposed jury instructions.

A trial court errs by failing to "limit the definitions of the culpable mental states as they relate to the conduct elements involved in the particular offense." *Cook v. State*, 884 S.W.2d 485, 491 (Tex. Crim. App. 1994). Assuming without deciding that the trial court erred by including the full statutory definitions of "intentionally" and "knowingly" in the jury charge, we conclude that any such error is harmless. When conducting a harm analysis, we consider: "(1) the entire jury charge; (2) the state of the evidence, including the contested issues and weight of probative evidence; (3) the arguments of counsel; and (4) any other relevant information revealed by the record of the trial as a whole." *Hill v. State,* 265

4

S.W.3d 539, 543 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd). Reversal is only required if the record demonstrates that Smith suffered actual, rather than merely theoretical, harm. *See id.*

The application portion of the charge tracked the language of the statute and instructed the jury that it could only find Smith guilty if it found beyond a reasonable doubt that he intentionally or knowingly violated the civil commitment order. *See* Tex. Health & Safety Code Ann. § 841.085(a). The jury heard evidence that Smith agreed to and understood the conditions of his civil commitment, violated those conditions by failing to charge his tracking device, having unapproved contact with his cousin, and possessing pornography, the last of which resulted in discharge from the treatment center. During arguments, the State briefly discussed the abstract portion of the jury charge and focused its argument on the ways in which Smith had violated the terms of his civil commitment. Based on our review of the record, we conclude that Smith did not suffer harm from any error in the abstract portion of the trial court's charge. We overrule issue two and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

5

Submitted on August 13, 2014
Opinion Delivered September 10, 2014
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.