

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00353-CR

———————————————

RUSSELL BRIAR SCOTT FORY, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 43rd District Court
Parker County, Texas
Trial Court No. CR18-0509

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

The trial court sentenced Appellant Russell Briar Scott Fory to seven years' confinement in the Institutional Division of the Texas Department of Criminal Justice (prison) for failing to comply with statutory sex-offender-registration requirements. In three issues, Fory argues that his sentence was illegal (first issue), that the indictment was fundamentally defective (second issue), and that the evidence was insufficient to support his punishment (third issue). We agree that the trial court imposed an illegal sentence, and we therefore reverse the sentence and remand for a new punishment hearing.

**Background**

As a minor, Fory was adjudicated delinquent for violating Texas Penal Code Section 22.021, and he was subsequently ordered to register as a sex offender under Texas Code of Criminal Procedure Chapter 62. *See* Tex. Penal Code Ann. § 22.021; Tex. Code Crim. Proc. Ann. art. 62.051. Roughly four years after Fory became subject to the registration requirements, the State indicted him for failing to timely register his intention to change his address. *See* Tex. Code Crim. Proc. Ann. art. 62.055(a). After Fory pleaded guilty and signed a judicial confession admitting to the indictment's allegations, the trial court convicted him and sentenced him to seven years' confinement. Fory now appeals the imposition of that sentence.

## Sentence Illegality

In his first issue, Fory argues that the trial court erred by imposing a seven-year sentence "because this case involves an adjudication of delinquency and therefore should be a state[-]jail felony under Texas Code of Criminal Procedure [ ]62.102(b)(1), with a maximum range of punishment of two years." The State concedes that the assessed sentence is illegal, and we agree.

If a person must register as a sex offender, Texas Code of Criminal Procedure Article 62.101 tells the person when that duty ends. *Id.* art. 62.101(c). If the person has a reportable adjudication for a sexually violent offense or one of the other Article 62.101(a) offenses, the person must register for the rest of his or her life, unless the adjudication is for delinquent conduct. *Id.* art. 62.101(a). In the latter situation, the duty to register ends "on the 10th anniversary of the date on which the disposition is made or the person completes the terms of the disposition, whichever date is later." *Id.* art. 62.101(c)(1).

A person who must comply with Chapter 62's requirements but does not do so commits an offense under Article 62.102(a). *Id.* art. 62.102(a). The offense's classification is based on when the person's registration obligation expires. *Id.* art. 62.102(b). When committed by a person with a lifetime registration requirement, the offense is either a third- or second-degree felony, but when committed by a person with a ten-year registration period, the offense is a state-jail felony. *Id.*

Because Fory's reportable adjudication was one of delinquency, he had a ten-year registration obligation, and his failure to comply with Article 62.102 was thus a state-jail felony. *See id.* arts. 62.101(a), (c), .102(a), (b)(1). The trial court therefore could not send Fory to prison or assess a seven-year sentence; Fory was subject to a maximum of two years' confinement in a state-jail facility. *See* Tex. Penal Code Ann. § 12.35(a). A sentence that is outside the authorized punishment range is an illegal sentence. *O'Reilly v. State*, 501 S.W.3d 722, 728–29 (Tex. App.—Dallas 2016, no pet.) (citing *Ex parte Parrott*, 396 S.W.3d 531, 534 (Tex. Crim. App. 2013)). And this is an unwaivable complaint that may be challenged at any time. *Id.* (citing *See Ex parte Pena*, 71 S.W.3d 336, 339 (Tex. Crim. App. 2002) and *Simmons v. State*, 245 S.W.2d 254, 255 (Tex. Crim. App. 1952)). Because the trial court's seven-year sentence exceeded the maximum authorized punishment, we sustain Fory's first issue.

**Sufficiency of the Indictment**

Under Fory's second issue, he argues that the indictment was fundamentally defective because it "did not specify whether [his] range of punishment exposure was that of a state[-]jail felony or a third-degree felony under Texas Code of Criminal Procedure 62.102(b)." The indictment in this case neither stated the length of time for which Fory has to register nor indicates the applicable punishment range; it alleges simply that at the time of the alleged offense, Fory had a duty to register. Fory argues that because the indictment does not inform him of "which duty to register period [he] allegedly violated" and is not clear about which punishment range he faced, it is

4

fatally defective. Because the charging instrument qualified as an indictment and Fory did not object to the indictment's failure to include the applicable punishment range, we overrule this issue.

A defendant forfeits an objection to an indictment's form or substance by not raising it before trial. *See Walker v. State*, 594 S.W.3d 330, 339 (Tex. Crim. App. 2020). The appellate record here does not disclose that Fory objected to the indictment's failure to specify the time period for which he was required to register. But a charging instrument can be fatally defective—and thus can be first complained about on appeal—if it completely fails to allege that a person committed an offense. *Teal v. State*, 230 S.W.3d 172, 179–80 (Tex. Crim. App. 2007); *Miller v. State*, 333 S.W.3d 352, 356 (Tex. App.—Fort Worth 2010, pet. ref'd) ("An indictment that fails to allege an offense is so defective that it cannot vest jurisdiction."). An indictment alleges an offense if "the allegations in it are clear enough that one can identify the offense alleged." *Teal*, 230 S.W.3d at 179–80. The indictment here meets this test.

As a person required to register, Fory committed an offense under Article 62.102 if he failed to comply with any of Chapter 62's requirements. *See* Tex. Code Crim. Proc. Ann. art. 62.102(a). Article 62.055 sets out one of those requirements, imposing an obligation to timely notify local law enforcement if the person changes his or her address or intends to do so:

> If a person required to register under this chapter intends to change address, regardless of whether the person intends to move to another state, the person shall, not later than the seventh day before the

5

intended change, report in person to the local law enforcement authority designated as the person's primary registration authority by the department and to the juvenile probation officer, community supervision and corrections department officer, or parole officer supervising the person and provide the authority and the officer with the person's anticipated move date and new address. If a person required to register changes address, the person shall, not later than the later of the seventh day after changing the address or the first date the applicable local law enforcement authority by policy allows the person to report, report in person to the local law enforcement authority in the municipality or county in which the person's new residence is located and provide the authority with proof of identity and proof of residence.

*Id.* art. 62.055(a). Tracking these provisions, the indictment charged that Fory

did then and there, while knowing that he was required to register with the local law enforcement authority in the municipality or county where said defendant resided, to-wit: City of Reno, because of a reportable adjudication for Aggravated Sexual Assault of a Child, the defendant failed to register his intention to change address not later than the seventh day before the intended change, report in person to the local law enforcement authority designated as the defendant's primary registration authority, to-wit: The Reno Police Department, or provide the authority and the officer with the defendant's anticipated move date and new address.

This indictment alleged that Fory had to register because of a reportable adjudication for aggravated sexual assault of a child, that he knew he had seven days to notify the Reno Police Department of his intention to change his address and what that new address would be, and that he failed to comply with that requirement. It thus alleged that he committed an Article 62.102(a) offense.[1] And, having alleged an offense, the charging instrument qualified as an indictment. *Cf. Duron v. State*,

---

[1]The judgment also reflects that Fory was charged with an offense under Article 62.102.

6

956 S.W.2d 547, 551 (Tex. Crim. App. 1997) (holding that the charging instrument in that case was an indictment, regardless of whether it failed to allege an element of the offense, because it gave the defendant notice of the statutory offense with which he was charged). As a result, by not complaining before trial that the allegation failed to specify the possible punishment range, Fory forfeited this waivable complaint. *See Teal*, 230 S.W.3d at 179–80; *Hernandez v. State*, 127 S.W.3d 768, 770 n.4 (Tex. Crim. App. 2004) (stating that "an indictment or information that is flawed by a defect of substance but that purports to charge an offense is not fundamentally defective and, in the absence of a pretrial objection, it will support a conviction"); *Starkey v. State*, No. 02-18-00192-CR, 2019 WL 3819505, at *4 (Tex. App.—Fort Worth Aug. 15, 2019, pet. ref'd) (mem. op, not designated for publication) (stating that if the indictment confused the appellant about which offense it charged, he had to complain before the trial date). We therefore overrule his second issue.

## Evidence Sufficiency

In his third issue, Fory argues that the evidence in this case is legally insufficient to support a third-degree-felony range of punishment because "there is no evidence in the record to show this case is a third-degree[-]felony case where the only underlying conviction was an adjudication of delinquency when [Fory] was fourteen years old."[2]

---

[2]In his Statement of Issues, Fory sets out his third issue a little differently than he does in the argument section of his brief, using the word "conviction" rather than "punishment"; he argues that the evidence is insufficient "to support a conviction under Article 61.102(b)(2) of the Texas Code of Criminal Procedure because the

7

Fory contends that "[t]here is no evidence, and can be no evidence, that [his] underlying order to register was premised upon anything other than the juvenile adjudication. Therefore, there is no evidence to justify an imposition of a third-degree[-]felony punishment upon [him]." Because we have already sustained Fory's first issue, we overrule this issue as moot.

## Conclusion

Having sustained Fory's first issue and overruled his remaining issues, we reverse the sentence, and we remand this case to the trial court for a new punishment hearing.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 15, 2021

---

underlying basis for registration was an adjudication of delinquency, and should be at most a state[-]jail felony under Article 61.102(b)(1) of the Texas Code of Criminal Procedure." But he does not argue that the evidence did not support a conviction for the offense alleged in the indictment to which he pleaded guilty, and he does not ask us to render an acquittal. Based on his arguments and the brief as a whole, we read this issue to argue that the evidence of the underlying offense—that is, the delinquency adjudication—was insufficient to show that the offense in this case was a third-degree felony.