

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00082-CR

———————————————

CHRISTOPHER WAYNE MORRISS, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 89th District Court
Wichita County, Texas
Trial Court No. 61,511-C

Before Sudderth, C.J.; Kerr and Womack, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

A jury found Christopher Wayne Morriss guilty of continuous sexual abuse of a young child (count 1) and indecency with a child by exposure (count 6). *See* Tex. Penal Code Ann. §§ 21.02(b), 21.11(a)(2)(A). Morriss appeals his continuous-sexual-abuse conviction, arguing in one issue that the trial court erred by denying his motion to quash and by failing to properly instruct the jury. We will overrule Morriss's issue and affirm the trial court's judgment on count 1. At the State's request, we will modify the trial court's judgment on count 6 to correctly reflect that Morriss was in fact convicted of indecency with a child by exposure—here, a sentence-enhanced third-degree felony—and affirm that judgment as modified.

## I. Background

Morriss started sexually abusing his daughter H.D. (Hannah)[1] when she was six years old, and the abuse continued until Hannah made an outcry to her mother when Hannah was ten years old. Morriss was arrested, and a grand jury indicted him on six counts: continuous sexual abuse of a young child (CSA);[2] three counts of aggravated

---

[1]To protect H.D.'s identity, we use an alias. *See* Tex. R. App. P. 9.10(a)(3); 2d Tex. App. (Fort Worth) Loc. R. 7.

[2]Effective September 1, 2021, the legislature amended the CSA statute. *See* Act of May 19, 2021, 87th Leg., R.S., ch. 221, H.B. 375, §§ 1.02, 3.01–.02. Because Morriss committed CSA before the amendment's effective date, the amendment does not apply. *See id.* But even if it did, it would not affect the parts of the CSA statute relevant to this appeal. *See id.*

sexual assault of a child; indecency with a child by contact; and indecency with a child by exposure. *See id.* §§ 21.02(b), 21.11(a)(1), (2), 22.021(a)(1)(B).

In count 1—the CSA count—the indictment alleged that between January 1, 2013, and April 23, 2017, Morriss committed two or more of the following acts of sexual abuse against Hannah, a child younger than 14:

- Intentionally or knowingly causing the penetration of Hannah's sexual organ with his finger;

- Intentionally or knowingly causing the penetration of Hannah's mouth with his sexual organ;

- Intentionally or knowingly causing Hannah's sexual organ to contact his mouth;

- Intentionally or knowingly causing Hannah's sexual organ to contact his sexual organ;

- Engaging in sexual contact with Hannah by causing her to touch his genitals with the intent to arouse or gratify his sexual desire; "and/or"

- Engaging in sexual contact with Hannah by touching her genitals.

*See id.* § 21.02(b), (c)(2), (c)(4).

In counts 2, 3, and 4, Morriss was indicted on three counts of aggravated assault of a child younger than 14, alleged to have occurred on or about April 15, 2017:

- Intentionally or knowingly causing the penetration of Hannah's sexual organ with his finger;

- Intentionally or knowingly causing the penetration of Hannah's mouth with his sexual organ; and

3

- Intentionally or knowingly causing Hannah's sexual organ to contact his mouth.

*See id.* § 22.021(a)(1)(B)(i)–(iii), (a)(2)(B).

In counts 5 and 6, Morriss was charged with two counts of indecency with a child, alleged to have occurred on or about April 15, 2017, and January 1, 2015, respectively:

- With the intent to arouse or gratify Morriss's sexual desire, engaging in sexual contact by causing Hannah to touch his genitals; and

- With the intent to arouse or gratify Morriss's sexual desire, exposing his genitals knowing that Hannah was present.

*See id.* § 21.11(a)(1), (a)(2)(A), (c)(2).

Morriss moved to quash counts 2, 3, 4, and 5 of the indictment, arguing that those counts should be quashed under Texas Penal Code Section 21.02(e) because (1) the victim in the CSA count is the same victim in counts 2 through 5; (2) the State had not charged those counts in the alternative to the allegations made in the CSA count; and (3) the allegations in counts 2 through 5 did not occur outside the period in which the CSA count was committed. *See id.* § 21.02(e). Morriss also relied on constitutional due-process, double-jeopardy, fair-notice, and fair-trial principles. *See* U.S. Const. amends. V, VI, XIV; Tex. Const. art. I, §§ 10, 19.

At the hearing on his motion, Morriss contended that

> [The State is] attempting to take two bites of the apple on each of those counts because they are not charged in the alternative. It is the same victim. It is in the same time period alleged in Count 1. We believe

4

that it would be prejudicial to the Defendant to leave those -- ultimately means they can't get a conviction on both of those things.

So we believe it would be prejudicial to the Defendant to have those in Counts 2, 3, 4[,] and 5 in the indictment alleging basically other offenses that are included in Count 1. So this would be a violation of the Double Jeopardy Clause under the United States Constitution and the Texas State Constitution. And ask that those things be quashed in fairness to the Defendant.

The State acknowledged that Morriss could not be convicted of the CSA count and counts 2 through 5, which were lesser-included offenses of the CSA count, but argued that the jury could consider counts 2 through 5 if it found Morriss not guilty of CSA. The State explained that it would thus seek a conviction on either the CSA count or any combination of counts 2 through 5.[3] The trial court denied Morriss's motion.

Morriss pleaded not guilty to each count, and after the close of evidence, the trial court instructed the jury "only to consider and render a verdict on Counts 2–5 if your verdict on Count 1 is 'Not Guilty.'" The trial court further instructed the jury to "consider and render a verdict on Count 6 regardless of your verdict on Count 1 and Counts 2–5."

The jury found Morriss guilty on count 1 (CSA) and count 6 (indecency with a child by exposure). As instructed, the jury did not return verdicts on counts 2 through 5. The trial court dismissed those counts on the State's motion.

---

[3]Morriss did not seek to quash count 6.

5

At punishment, Morriss pleaded true to a sentence-enhancement allegation. The trial court found the allegation true and sentenced Morriss to confinement for life on count 1 and to 20 years' confinement on count 6. *See* Tex. Penal Code Ann. §§ 12.33(a), 12.42(a), 21.02(b), (h), 21.11(a)(2)(A), (d). Morriss has appealed.

## II. Motion to Quash

In his sole issue, Morriss asserts that the trial court erred by denying his motion to quash and by failing to instruct the jury that it could convict him of only one offense. He argues that the State should not have been allowed to proceed to trial on an indictment charging him with CSA as the primary count (count 1) and with lesser-included offenses (counts 2 though 5) as separate alternative counts. He further contends that when, as here, an indictment alleges a primary offense and lesser-included offenses, the State must elect the offense upon which it will proceed.

Under Penal Code Section 21.02(b), a person commits CSA when "during a period that is 30 or more days," he "commits two or more acts of sexual abuse" against a child younger than 14 years old. *Id.* § 21.02(b). "Acts of sexual abuse" are independent Penal Code violations, *see id.* § 21.02(c), and are lesser-included offenses of CSA, *see Soliz v. State*, 353 S.W.3d 850, 854 (Tex. Crim. App. 2011). Relevant here, aggravated sexual assault and indecency with a child by contact (in a manner other

than by touching a child's breast) are acts of sexual abuse that may serve as CSA component offenses.[4] *See* Tex. Penal Code Ann. § 21.02(c)(2), (4).

When the State proceeds to trial on a CSA indictment, a defendant cannot be convicted of any "act of sexual abuse" that serves as a CSA component offense unless the "act of sexual abuse" was (1) "charged in the alternative"; (2) occurred outside the period in which the alleged CSA offense was committed; or (3) is considered by the trier of fact to be a lesser-included offense of the alleged CSA offense. *Id.* § 21.02(e). That is, a person cannot be convicted of both CSA and the lesser-included offenses that serve as components of the CSA count. *See Price v. State*, 434 S.W.3d 601, 606 (Tex. Crim. App. 2014); *see also Mohler v. State*, No. 02-19-00398-CR, 2020 WL 6065910, at *2 (Tex. App.—Fort Worth Oct. 15, 2020, pet. ref'd) (mem. op., not designated for publication). But the "acts of sexual abuse" that serve as a CSA count's component offenses can be charged in the alternative as separate, independent counts in addition to the CSA count. *See* Tex. Penal Code Ann. § 21.02(e)(1); *Mohler*, 2020 WL 6065910, at *2.

Penal Code Section 21.02(e)(1) permits the State to charge in the alternative, and Texas Code of Criminal Procedure Article 21.24 permits the State "to expand the number of counts to accommodate charging all the lessers as separate alternative counts." *Mohler*, 2020 WL 6065910, at *6 (citing Tex. Code Crim. Proc. Ann. art.

---

[4]The offense charged in count 6—indecency with a child by exposure—is not a CSA component offense. *See* Tex. Penal Code Ann. §§ 21.02(c), 21.11(a)(2)(A).

21.24(a); Tex. Penal Code Ann. § 21.02(e)(1); *Machutta v. State*, Nos. 05-16-00846-CR, 05-16-01160-CR, 2018 WL 2252553, at *6 (Tex. App.—Dallas May 17, 2018, pet. ref'd) (mem. op., not designated for publication); *Shavers v. State*, 881 S.W.2d 67, 74 (Tex. App.—Dallas 1994, no pet.)). This way, "[t]he State has the statutory means to obtain multiple convictions on the lessers if the jury finds the defendant not guilty of the [CSA] offense." *Id.*

Here, the State correctly structured the indictment so that if the jury found Morriss not guilty on the CSA count, the State could obtain multiple convictions on counts 2 though 5, each of which was a lesser-included offense of the CSA count. *See id.* at *2, *6; *see also* Tex. Penal Code Ann. § 21.02(e)(1). The trial court's jury instruction ensured that Morriss was not placed in jeopardy of being convicted of both CSA and any of the lesser-included offenses charged in counts 2 through 5.[5] *Cf. Smith v. State*, No. 04-17-00695-CR, 2018 WL 3551177, at *3 n.2 (Tex. App.—San Antonio July 25, 2018, pet. ref'd) (mem. op., not designated for publication) ("The State is permitted to allege multiple offenses in one indictment, and no double jeopardy issue arises if the jury is later instructed that it may convict on only one of

---

[5]We note that the way the State proceeded here—a multiple-count indictment with a jury instruction prohibiting a jury from convicting a defendant of both CSA and any of the lesser-included component offenses—is common in CSA cases. *See, e.g.*, *Bridgefarmer v. State*, No. 02-19-00425-CR, 2020 WL 7258059, at *4 n.6 (Tex. App.—Fort Worth Dec. 10, 2020, no pet.) (mem. op., not designated for publication); *Salinas v. State*, No. 02-18-00060-CR, 2019 WL 1574953, at *7 (Tex. App.—Fort Worth Apr. 11, 2019, pet. ref'd) (mem. op., not designated for publication); *Ingram v. State*, 503 S.W.3d 745, 747 n.1 (Tex. App.—Fort Worth 2016, pet. ref'd).

them."); *Le v. State*, No. 05-16-01324-CR, 2018 WL 2001609, at *11 (Tex. App.—Dallas Apr. 30, 2018, no pet.) (mem. op., not designated for publication) ("[W]e conclude the trial court did not [err] when it overruled Le's objection that the State should have been required to elect which offense it was going to pursue to avoid the potential for multiple punishments because, in compliance with section 21.02(e), [the jury charge did] not permit convictions for both continuous sexual abuse and the enumerated predicate acts of sexual abuse."). The trial court was not required to instruct the jury that it could convict Morriss of either the CSA count or of only one of counts 2 through 5. *See Mohler*, 2020 WL 6065910, at *6. The trial court thus did not err by denying Morriss's motion to quash.

Morriss also complains that the indictment prevented him from being able to make an incident election for the component offenses and that the trial court thus should have granted his motion to quash to force the State "to elect the count it would proceed under." But as the State points out, Morriss failed to preserve his incident-election complaint for appellate review for two reasons. First, because Morriss did not move to quash the indictment on the basis that it would prevent him from making an incident election, he did not preserve this complaint for appellate review. *See* Tex. Code Crim. Proc. Ann. art. 1.14(b); Tex. R. App. P. 33.1(a); *Miller v. State*, 333 S.W.3d 352, 356 (Tex. App.—Fort Worth 2010, pet. ref'd) (per curiam) (op. on PDR); *see also Rovinsky v. State*, 605 S.W.2d 578, 581 (Tex. Crim. App. [Panel Op.] 1980). Second, Morriss never requested that the State make an incident election. By

9

failing to do so, Morriss forfeited any complaint that the State was required to elect here. *See* Tex. R. App. P. 33.1(a); *Cosio v. State*, 353 S.W.3d 766, 775 (Tex. Crim. App. 2011) (observing that a defendant's decision to elect or not elect is a purely strategic choice that may be waived); *Phillips v. State*, 193 S.W.3d 904, 909 (Tex. Crim. App. 2006) (explaining that before the State rests, the "trial court has discretion in directing the State to make an election" but that "once the State rests its case in chief," the trial court must require the State to elect "on the timely request of a defendant"); *O'Neal v. State*, 746 S.W.2d 769, 771 n.3 (Tex. Crim. App. 1988) ("[A]ppellant preserved error by his motion to require election. Absent such a motion by the defendant, the State is not required to make an election."); *see also Young v. State*, No. 04-18-00564-CR, 2020 WL 1695511, at *3–4 (Tex. App.—San Antonio Apr. 8, 2020, pet. ref'd) (mem. op., not designated for publication); *Neathery v. State*, Nos. 2-06-082-CR, 2-06-083-CR, 2-06-084-CR, 2-06-085-CR, 2-06-086-CR, 2007 WL 2331004, at *16 (Tex. App.—Fort Worth Aug. 16, 2007, pet. ref'd) (mem. op., not designated for publication).

We overrule Morriss's single issue.

### III. Judgment Modification

The State asks that we modify the judgment on count 6, which charged Morriss with indecency with a child by exposure, a third-degree felony. *See* Tex. Penal Code Ann. § 21.11(a)(2)(A), (d). The jury found Morriss guilty on count 6 as charged in the indictment. During punishment, Morriss pleaded true to a punishment-enhancement

10

allegation based on a prior felony conviction, and the trial court found the allegation to be true. *See id.* § 12.42(a).

The trial court's judgment on count 6, however, states that Morriss was convicted of "Indecency w/ Child Sexual Contact," a "2ND DEGREE FELONY." But, as noted, the jury convicted Morriss of indecency with a child by exposure—a third-degree felony—which in this case would be punishable as a second-degree felony because of the trial court's punishment-enhancement finding.[6] *See* Tex. Penal Code Ann. §§ 12.33(a), 12.42(a), 21.11(a)(2)(A), (d).

We may modify a judgment "to make the record speak the truth." *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *see* Tex. R. App. P. 43.2(b). Here, because the trial court's judgment on count 6 does not reflect Morriss's conviction for indecency with a child by exposure, a third-degree felony, we will modify the judgment accordingly. *See* Tex. Penal Code Ann. § 21.11(a)(2)(A), (d); *Ford v. State*, 334 S.W.3d 230, 234 (Tex. Crim. App. 2011) (explaining that Penal Code Section 12.42 "increases the range of punishment applicable to the primary offense; it does not increase the severity level or grade of the primary offense"); *see also Penigar v. State*, No. 02-16-00100-CR, 2016 WL 7405812, at *2 (Tex. App.—Fort Worth Dec. 22, 2016, pet. ref'd) (mem. op., not designated for publication) (modifying judgment to correct the felony offense level).

---

[6]Morris's 20-year sentence on count 6 falls within the enhanced punishment range. *See* Tex. Penal Code Ann. §§ 12.33(a), 12.42(a), 21.11(a)(2)(A), (d).

11

## IV. Conclusion

Having overruled Morriss's single issue, we affirm the trial court's judgment on count 1. *See* Tex. R. App. P. 43.2(a). We modify the judgment on count 6 to (1) delete and replace "Indecency w/ Child Sexual Contact" with "Indecency w/ Child Exposure" and (2) delete and replace "2nd Degree Felony" with "3rd Degree Felony." We affirm the judgment on count 6 as modified. *See* Tex. R. App. P. 43.2(b).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: September 9, 2021